IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| DAWNA VALENTINE | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-11-402 |
| | § | |
| CHASE HOME FINANCE LLC | § | |

**OPINION AND ORDER**

On February 10, 2012, Plaintiff, Dawna Valentine, still acting *pro se*, filed a "Request for Reversal of Dismissal on this Case" which the Court will treat as a Motion, under Rule 60(b)(6) of the Federal Rules of Civil Procedure, for relief from the Final Judgment entered in this cause in favor of Defendant, Chase Home Finance, LLC, on January 31, 2012. In her request, Valentine states, "Based upon the 6th Amendment Rights, I am entitled to be represented by legal counsel. Therefore, this case cannot be finalized without the opportunity to have competent legal representation" which "I am requesting this Court to assist me in obtaining." Valentine also seeks to have the Bill of Costs, approved by the Clerk on February 2, 2012, vacated. Valentine requests will be denied.

This Court assumes that Valentine is, at this late date, requesting the appointment of counsel, but the appointment of counsel in a civil case is a privilege and not a constitutional right. It should be allowed in civil actions only in exceptional cases. Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982) This case does not present exceptional circumstances. Cf. Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982)   The gravamen of Valentine's numerous claims was her belief that receipt of a Quit Claim Deed from the owner of mortgaged property that was in default at the time and which she then possessed as her home, terminated the Defendant mortgagee's right to foreclose its lien on the

property pursuant to the Deed of Trust. As the Magistrate Judge pointed out in his Report and Recommendation that Valentine's request for preliminary injunction be denied, Valentine's legal hypothesis was erroneous; consequently, there can be no showing in this case that the appointment of counsel is necessary to present meritorious issues to the Court. See Knighton v. Watkins, 616 F.2d 795, 799 (5th Cir. 1980)   Accordingly, the absence of counsel to represent Valentine in this case was no impediment to this Court's entry of Final Judgment and the Clerk's subsequent approval of the Bill of Costs.

It is, therefore, the **ORDER** of this Court that Plaintiff Dawna Valentine's "Request for Reversal of Dismissal on this Case" (Instrument no. 32), now construed as a Rule 60(b)(6) Motion, is **DENIED**.

SIGNED at Galveston, Texas, this ___27th___ day of February, 2012.

Kenneth M. Hoyt
United States District Judge