IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| DAWNA VALENTINE | § |
| | § |
| V. | § CIVIL ACTION NO. G-11-402 |
| | § |
| CHASE HOME FINANCE LLC | § |

## OPINION AND ORDER

On July 9, 2012, Plaintiff, Dawna Valentine, still acting *pro se*, filed a "Motion to Set Aside a Void Judgment" in an effort to set aside the Final Judgment signed by District Judge Kenneth M. Hoyt and entered on January 31, 2012; cancel the foreclosure sale of her home that occurred on July 3, 2012; enjoin any future attempts by Defendants to foreclose on her property; void the "Trustee's Deed" and a "Fraudulent Note" recorded of record on April 18, 2007; and collect actual damages. To support her Motion, Valentine simply alleges that "(t)here exists 'no valid Promissory Note' or 'Deed of Trust'; all documents the Defendant(s) have presented are fraudulent on their faces and Defendant is not holder in due course" and that the Defendant perpetrated "fraud on the Court by the recordation of the Deed, Warranty Deed and the Deed of Trust based on fraudulent 'Promissory Note.'"

On July 30, 2012, Defendant, JPMorgan Chase, filed a response in opposition to the Motion in which it argues, *inter alia*, that Valentine's conclusory allegations of fraud are fatally insufficient and that her current arguments are the same ones previously addressed and rejected by both Magistrate Judge Froeschner and District Judge Hoyt. Even a cursory review of the file reveals the accuracy of the Defendant's position. Valentine is simply reurging the claims she has unsuccessfully pursued throughout this litigation.

Valentine did not appeal from the Final Judgment and it is now too late to do so. It is well-settled that a Rule 60(b) Motion may not be used as a substitute for a timely appeal. <u>Latham v. Wells Fargo Bank, N.A.</u>, 987 F.2d 1199, 1203 (5th Cir. 1993)   Applying this prohibition is particularly appropriate in a case, like this one, where the movant asserts virtually the identical grounds for relief previously rejected after the time for giving of Notice of Appeal has expired. <u>Pryor v. U.S. Postal Service</u>, 769 F.2d 281, 288 (5th Cir. 1987)   This, of course, is not to say that a Plaintiff may never mount a Rule 60(b) attack against an adverse Final Judgment, but in the absence of truly extraordinary circumstances, not present in this case, the basis for the Rule 60(b) Motion must be something other than what has previously offered. <u>Latham</u>, 987 F.2d at 1204

For the foregoing reasons, it is **ORDERED** that the "Motion to Set Aside Void Judgment" (Instrument no. 37) of Plaintiff, Dawna Valentine, is **DENIED**.

**DONE** at Galveston, Texas, this ___1st___ day of August, 2012.

_____
Gregg Costa
United States District Judge